IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW DAVID MILLER, <br>     Plaintiff, <br><br> v. <br><br> NATIVE LINK CONSTR., L.L.C., <br> NATIVE LINK, L.L.C., POINTGUARD <br> FIN., P.L.C.C., JP MORGAN CHASE <br> & CO., MELINDA THOMPSON-WALK, <br> MITCHEL PAUL WALK, PATRICK L. <br> NOLAN, NATE RIGGAN, *and* KRISTEN <br> JANOSICK, <br>     Defendants. | Civ. A. No. 15-1605 |

## MEMORANDUM OPINION

CONTI, Chief District Judge

### I. INTRODUCTION

Pending before the court is a *pro se* motion for service by an alternative method filed by plaintiff Matthew David Miller ("plaintiff"). (ECF No. 5.) For the reasons set forth in this memorandum opinion, the court will deny plaintiff's motion without prejudice.

### II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On December 8, 2015, plaintiff filed a complaint against a host of defendants, including "Mitchel" or "Mitchell" Paul Walk[1] ("defendant"), alleging state-law breach of contract, breach of fiduciary duty, conversion, and fraud claims. (ECF No. 1.)

---

[1] Plaintiff spells this defendant's name inconsistently in his pleadings. *See* (ECF No. 5 (providing both "Mitchel" and "Mitchell").)

1

On January 14, 2016, plaintiff filed the instant motion for alternative service, in which he argues:

1. [O]n or about December [10, 2015,] a [n]otice of [l]awsuit and [r]equest to [w]aive [s]ervice of [s]ummons was sent by certified mail to [defendant's] last known address . . . [via] [a]n addressed, postage[-]paid envelope. . . .

2. [O]n or about December [16, 2015, plaintiff] received the following message from [defendant] via [LinkedIn[2]] messaging[:]

   > "Funny. . [.] Just got word your [sic] trying to sue me. . [.] lol . . [.] An ex employee [sic] of Nlc. Melinda and I got divorced and she owned the company with Pat."

3. As of January [13, 2016, defendant] has not returned the [w]aiver of service [form, mailed December 10, 2015.]

4. [Plaintiff] has incurred expenses attempting to locate [defendant].

5. [Defendant] is aware of this claim.

6. There would be no prejudice to [defendant] allowing for alternative service.

WHEREFORE, [plaintiff requests that the court allow] service of process upon [d]efendant . . . by sending a copy of the [s]ummons and [c]omplaint to [defendant's] LinkedIn messaging account. . . ."

(ECF No. 5.)

---

[2] LinkedIn is a social networking website "geared toward professional networking" with millions of users. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1195 (N.D. Cal. 2014). "Users, who maintain resume-like profiles, utilize LinkedIn to view each other's profiles and to exchange messages." *Id.*

## II. DISCUSSION

### 1. Legal standard for service by an alternative method

In federal court, a plaintiff may serve a defendant pursuant to the law of the state in which the district court sits, or in which service is to be effected. FED. R. CIV. P. 4(e)(1); *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006). Because this court sits in Pennsylvania, the Pennsylvania Rules of Civil Procedure (the "Pennsylvania Rules") apply with respect to service of process in this case. *See* FED. R. CIV. P. 4(e)(1); *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004).

Under Pennsylvania law, a plaintiff may serve an individual defendant outside the Commonwealth:[3]

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.

*See* PA. R. CIV. P. 404(1)–(3).

If, however, "service *cannot be made*" outside the Commonwealth pursuant to the methods set forth in Pennsylvania Rule 404(1)–(3), the plaintiff "may move the court for a special order directing the method of service." *See* PA. R. CIV. P. 430(a) (emphasis added); *Calabro*, 464 F. Supp. 2d at 472 ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule]."). Such a motion for

---

[3] In this case, plaintiff seeks to serve defendant, a citizen of Washington state. *See* (ECF No. 1 ¶ 7.)

alternative service "*shall* be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." PA. R. CIV. P. 430(a) (emphasis added).

Under Pennsylvania law, the plaintiff must meet three conditions for alternative service. *McFadden*, 2014 WL 5880097, at *2 (citing *Calabro*, 464 F. Supp. 2d at 471–72).

First, the plaintiff "must make a 'good faith' effort to *locate* [the] defendant." *Calabro*, 464 F. Supp. 2d at 472 (citing *Grove*, 222 F.R.D. at 256; *Adoption of Walker*, 360 A.2d 603 (1976)) (emphasis in original).

> An illustration of a good faith effort to locate the defendant includes[:] (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. CIV. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in . . . [Pennsylvania] Rule 430(a) . . . to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4 (citing *Long v. Polidori*, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003)).

Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to *serve* [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing C*layman v. Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)) (emphasis in original). "[The] [p]laintiff bears the burden to show that these efforts were

made." *McFadden*, 2014 WL 5880097, at *4. With respect to this requirement, courts in the Third Circuit have

> "found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, . . . or repeated attempts[,] . . . including a stake out. . . . On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,] . . . or when two attempts were made on consecutive days of the week with the first being made to a vacant office."

*Viking Ins. Co. of Wis. v. Rivas*, No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (quoting *Olympic Steel, Inc. v. Pan Metal & Processing, L.L.C.*, No. 11-0693, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011)); *cf. Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.").

Third, assuming the plaintiff "satisfied the first two steps, [the plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472 (citing *Clayman*, 173 F.R.D. at 140; *Penn v. Raynor*, No. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 18, 1989); *Kittanning Coal Co. v. Int'l Mining Co.*, 551 F. Supp. 834, 838 (W.D. Pa. 1982)). As the court in *Calabro* noted:

> Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## 2. Plaintiff's motion for alternative service must be denied.

The court will deny plaintiff's motion for alternative service for the following reasons.

First, plaintiff failed to show that "service cannot be made" on defendant pursuant to the methods set forth in Pennsylvania Rule 404(1)–(3), *i.e.*, personal service, direct mailing of the complaint and summons, or a method prescribed by the law of the state in which service is to be effected. *See* PA. R. CIV. P. 430(a). According to his motion, plaintiff did not attempt to serve defendant personally, directly by mail, or through a method prescribed by Washington state law.[4] Plaintiff attempted to apprise defendant of this lawsuit only through one waiver-of-service request by mail, pursuant to Federal Rule of Civil Procedure 4(d). In light of these circumstances, the court cannot reasonably conclude that "service *cannot be made*" on defendant personally, by direct mail, or under Washington law, as plaintiff has yet to attempt service on defendant under any of these methods. *See* PA. R. CIV. P. 430(a) (emphasis added).

Second, even if plaintiff attempted—but was unable—to serve defendant personally, by mail, or under Washington law, plaintiff failed to submit an "affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of [defendant] and the reasons why service cannot be made," as required under Pennsylvania Rule 430(a). In the absence of such an affidavit, the court cannot evaluate whether: (1) plaintiff made a good-faith effort to locate defendant; (2) plaintiff made practical efforts to serve defendant under the circumstances; or (3) service upon

---
[4] *See supra*, note 3.

defendant genuinely "cannot be made" under Pennsylvania Rule 404(1)–(3), as required under Pennsylvania law. *See Calabro*, 464 F. Supp. 2d at 472.

Third, even if plaintiff showed good-faith efforts to locate and practical efforts to serve defendant, plaintiff failed to show that service directly through a LinkedIn message to defendant is "'reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of [this] action and [to] afford [him] an opportunity to present [his] objections.'" *Id.* (quoting *Mullane*, 339 U.S. at 314). The court finds *WhosHere, Inc. v. Orun*, No. 13-526, 2014 WL 670817 (E.D. Va. Feb. 20, 2014), persuasive on this point.

In *WhosHere, Inc.*, the plaintiff sought to serve a foreign defendant through two email accounts and two social networking accounts (including a LinkedIn account) "ostensibly belonging" to the defendant. *Id.* at *4. In assessing whether the plaintiff's proposed method of service satisfied *Mullane*'s due process strictures, the Virginia district court held that

> [*c*]*ollectively*, these four methods are highly likely to provide defendant notice of this litigation [in accordance with *Mullane*], because [the] defendant himself provided [the] plaintiff with these email contacts, and also referred [the] plaintiff to the social networking profiles which appear to be *regularly viewed* and *maintained* by [the] defendant. . . .
>
> [T]he content of defendant's email to plaintiff containing his social networking and email contacts strongly implies that these are his *preferred methods of communication* which he *regularly uses*. . . .
>
> [S]ervice of process by email and social networking sites is particularly appropriate here considering that [the] defendant is *in the technology business* and allegedly identifies himself as a "mobile technology enthusiast" on his LinkedIn page. . . .
>
> Moreover, prior to and after the filing of the lawsuit, [the] plaintiff electronically communicated with [the] defendant about the basis of the

7

> lawsuit and even emailed [the] defendant a copy of the complaint. . . . [The] plaintiff has shown that [the] defendant is presumably *abreast of both the subject matter of the litigation and is likely already in receipt of the complaint*. For these reasons, the court finds that the proposed methods of service comport with [*Mullane* and] due process because they are reasonably calculated to give [the] defendant notice of the suit.

*WhosHere, Inc.*, 2014 WL 670817, at *4 & n.9 (emphasis added).

Unlike *WhosHere, Inc.*, in which the plaintiff proposed to serve the defendant through *four* electronic messaging formats, plaintiff in this case proposes to serve defendant via only one electronic messaging format (*i.e.*, LinkedIn), through which plaintiff received only one message from defendant on December 16, 2015. *Id.* That December 16, 2015 LinkedIn message only vaguely suggested that defendant knew about the pendency and substance of plaintiff's suit against him. *See* (ECF No. 5 (defendant's LinkedIn message providing: "Funny . . [.] Just got word your [*sic*] trying to sue me . . [.] lol . . [.] An ex employee [*sic*] of Nlc. Melinda and I got divorced and she owned the company with Pat.").)

Unlike the plaintiff in *WhosHere, Inc.*, plaintiff in this case did not show that defendant "regularly view[s] and maintain[s]" his LinkedIn account's messaging inbox. *WhosHere, Inc.*, 2014 WL 670817, at *4. Plaintiff did not show that LinkedIn's messaging system is defendant's "preferred method[] of communication." *Id.* Plaintiff did not show that defendant is in the "technology business." *Id.* at *4 n.9. And plaintiff did not show that defendant is otherwise "abreast of both the subject matter of the litigation and is likely already in receipt of [plaintiff's] complaint." *Id.* at *4. In light of these circumstances, the court cannot conclude that service directly through a LinkedIn

message to defendant is "'reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of [this] action and [to] afford [him] an opportunity to present [his] objections.'" *Calabro*, 464 F. Supp. 2d at 471 (quoting *Mullane*, 339 U.S. at 314).

That plaintiff has "incurred expenses attempting to locate [defendant]," *see* (ECF No. 5), is not dispositive in this case. Plaintiff requested that defendant waive service pursuant to Federal Rule of Civil Procedure 4(d). That rule affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon *defendant*. *See* FED. R. CIV. P. 4(d)(1). If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "*must* impose on [defendant]": (A) the "expenses later incurred in *making service*"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* FED. R. CIV. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B) (emphasis added). Because plaintiff has yet to serve defendant with process in this case, relief under these rules is not appropriate, nor has it been requested by plaintiff.

For these reasons, the court will deny plaintiff's motion for alternative service.

### III. CONCLUSION

For the reasons set forth in this memorandum opinion, the court will deny plaintiff's motion for alternative service without prejudice to its renewal if necessary. An appropriate order follows.

**DATED**: January 21, 2016

**/S/ JOY FLOWERS CONTI**
Joy Flowers Conti
Chief United States District Judge

**CC**:

Matthew David Miller
4387 Winchester Drive
Allison Park, PA 15101