**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MATTHEW DAVID MILLER

      Plaintiff,

vs.

NATIVE LINK CONSTRUCTION, LLC,
NATIVE LINK, LLC, POINTGUARD
FINANCIAL, PLCC, JP MORGAN CHASE
& CO., MELINDA THOMPSON-WALK,
MITCHELL PAUL WALK, PATRICK L.
NOLAN, NATE RIGGAN, AND KRISTEN
JANOSICK

      Defendants.

Case No.: 2:15-cv-01605-JFC

**BRIEF IN SUPPORT OF DEFENDANTS POINTGUARD FINANCIAL,
PLLC'S AND NATE RIGGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND NOW come Defendants Pointguard Financial, PLLC[1] and Nate Riggan, CPA

(hereinafter "Defendants"), by and through their undersigned counsel, Burns White LLC, and

file the within Brief in Support of Pointguard Financial, PLLC's and Nate Riggan's Motion to

Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6)

and aver as follows:

**I. INTRODUCTION/STATEMENT OF FACTS**

With respect to Defendants, the instant matter – as pled – arises out of a contractual

relationship the Defendants possessed with Native Link Construction, LLC.  *See* Complaint ¶28

and Exhibit 14.  As pled, Native Link Construction, LLC's Melinda Walk hired Defendants as a

third party contractor to provide financial and tax services for the company.  *See id.* ¶¶28, 67-69.

---

[1]     Defendant Pointguard Financial, PLLC was incorrectly named by Plaintiff in the
Complaint as Pointguard Financial, PLCC.  To be clear, Defendant's correct designation
is Pointguard Financial, PLLC.

Matthew David Miller (hereinafter "Plaintiff"), a one-third minority member of Native Link Construction, LLC, *see* Complaint ¶¶13, 23 and Exhibit 7, never avers that he was a party to that contract. *See generally* Complaint.

Notwithstanding the foregoing, this action commenced on or about December 8, 2015 when Plaintiff filed a Complaint in his individual capacity as a one-third minority member of Native Link Construction, LLC. *See* Complaint ¶¶13, 23 and Exhibit 7. Plaintiff alleges that Defendants breached a purported fiduciary duty owed to Plaintiff and allegedly committed fraud against Plaintiff (1) by not providing him copies of the financial records and tax returns that Defendants were hired to prepare for Native Link Construction, LLC and (2) by improperly shifting funds from Native Link Construction, LLC to a second company, Native Link, LLC. *See id.* ¶¶67-69, 72, 74-77.

As pled by Plaintiff, Defendants were directed by the company to make revisions to Native Link Construction, LLC's draft financial forecast in 2014 because "[Defendants] did not understand the difference between the two companies." *See id.* at Exhibit 10. As a result, Defendants relied upon the knowledge and direction of Native Link Construction, LLC to allocate revenues and expenses between Native Link Construction, LLC and Native Link, LLC when Defendants prepared the revised financial forecast. *See id.* As pled, Defendants' only alleged contact with Plaintiff in the state of Pennsylvania was an e-mail in which Defendants stated the honest belief that member Melinda Walk would provide copies of the financial records to Plaintiff. *See id.* ¶37 and Exhibit 14.

With personal jurisdiction over the Defendants at issue in this case, it is important to highlight the following:

- Defendant Pointguard Financial, PLLC is incorporated in the state of Washington and has its principal place of business in the state of Washington.  *See id.* ¶4 and Exhibit 14.
- Defendant Nate Riggan is a CPA and resident in the state of Washington.  *See id.* ¶¶9, 65.
- Plaintiff does not aver that Defendants ever consented to personal jurisdiction in Pennsylvania or that Nate Riggan was ever present and served in Pennsylvania.  *See generally* Complaint.
- Native Link Construction, LLC and Defendants formed their contractual relationship out of which the instant matter arose against Defendants in the state of Washington.  *See id.* ¶¶24, 28.

## II. PLAINTIFF FAILS TO STATE A
## CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Standard Of Review**

Pursuant to Federal Rule of Civil Procedure 12, "a party may assert the following defense[ ] by motion . . . failure to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).  In reviewing the sufficiency of a complaint under a Rule 12(b)(6) motion to dismiss:

> [A] court . . . must take three steps.  First, it must take note of the elements the plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Mere restatements of the elements of a claim are not entitled to the assumption of truth.  Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*See Connelly v. Lane Const. Corp.*, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016).

Indeed, to survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcrof v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the Court should accept as true all well-pled facts, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

3

**B.    Plaintiff Lacks Standing To Sue Defendants Because Plaintiff Is Only A One-Third Minority Member Of Native Link Construction, LLC And Plaintiff Was Not A Party To The Contract At Issue With Defendants**

Under Pennsylvania law, "[a] member of a [limited liability] company *is not a proper party to an action* or proceeding by or against the company, except where the object is to enforce the right of a member against or his liability to the company." *See* Pa. Stat. and Cons. Stat. Ann. § 8991(b) (emphasis added).   Accordingly, it is clear that a minority member of a limited liability company does not have standing to bring suit against a third party contractor whose relationship is solely based upon a contract with the limited liability company and not with the individual member. *See id.*; *Oakmont Note Grp. LLC v. Andrews*, 2013 WL 4184359, at *4 (E.D. Pa. Aug. 15, 2013) (holding that "a member of a LLC cannot sue in its own name for injuries to the limited liability company").   Moreover, a member may file an action on behalf of the limited liability company but *only* if authorized by vote of the members. *See* Pa. Stat. and Cons. Stat. Ann. § 8992(1).

Similarly, Delaware[2] law precludes a minority member of a limited liability company from bringing suit against a third party contractor in the member's individual capacity.  Indeed, Delaware's Limited Liability Company Act ("LLCA") expressly provides that a member of a limited liability company may not be held liable individually for the company's breaches of contract, torts, or other obligations. *See* Del. Code Ann. tit. 6, § 18-303(a).   While Delaware's LLCA permits a member to bring a derivative action on behalf of the company, *see id.* at § 18-1001, it does not expressly permit a member to bring suit against a third party contractor in the

---

[2]    Defendants have not conducted a conflict of laws analysis between Delaware and Pennsylvania because such analysis is irrelevant.  Analysis of Plaintiff's well-pled facts under either state's laws leads to the same conclusion – that Plaintiff has failed to state a claim upon which relief may be granted.  Native Link Construction, LLC is a limited liability company organized under the laws of Delaware. *See* Complaint ¶13 and Exhibits 1, 2, 3 and 7(¶20).

member's individual capacity. *See generally id.* at §§ 18-101 through 18-1109. Instead, courts have held that only a party to a contract or a person in privity may enforce the terms of the contract. *See Rottlund Homes of New Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003) (holding that "as a general matter, only a party to a contract has standing to enforce a contract and sue for breach of that contract"); *Insituform of N. Am., Inc. v. Chandler*, 534 A.2d 257, 270 (Del. Ch. 1987) (holding that nonsignatories to a contract have no rights under the contract, and thus no standing to assert claims under the contract). Like in Pennsylvania, it is clear that Delaware law does not permit a member of a limited liability company to sue a third party contractor whose contractual relationship is solely based with the company and not with the individual member.

Here, Plaintiff avers in his Complaint that he is a one-third minority member of Native Link Construction, LLC. *See* Complaint ¶¶13, 23 and Exhibit 7. Plaintiff has sued Defendants in his individual capacity as a one-third minority member of Native Link Construction, LLC. *See generally* Complaint. Plaintiff never avers that a majority vote of members of Native Link Construction, LLC authorized the instant suit against Defendants. *See id.* To the contrary, Plaintiff avers that "Melinda Walk hired Nate Riggan as the CFO without consulting [Plaintiff]." *See id.* ¶28. Further, Plaintiff attached to his Complaint an e-mail from Defendant Nate Riggan evidencing that Mr. Riggan was hired to provide financial services for Native Link Construction, LLC. *See id.* at Exhibit 14. The e-mail indicates that Mr. Riggan is a CPA with Defendant Pointguard Financial, PLLC, who provided financial services as a third party contractor. *See id.* Indeed, as pled, Defendants were hired by member Melinda Walk of Native Link Construction, LLC to provide financial services for Native Link Construction, LLC (and not for Plaintiff in his individual capacity). Plaintiff never avers anything to the contrary. *See generally* Complaint. In

short, Plaintiff does not have standing to sue Defendants because Plaintiff sued in his individual

capacity as a one-third minority member of Native Link Construction, LLC and because Plaintiff

was not a party to the contract with Defendants.  Therefore, Defendants ask this Honorable Court

to dismiss Plaintiff's Fourth and Fifth Causes of Action against Pointguard Financial, PLLC and

Nate Riggan with prejudice.

C.      **Defendants Did Not Owe A Fiduciary Duty To Plaintiff Because Defendants'
        Contractual Relationship Existed With Native Link Construction, LLC; Any
        Fiduciary Duty Owed Was Imposed Upon The Company's Remaining Members
        And Not Upon Defendants**

        Admittedly, courts have held that even a third party contractor may develop a

"confidential relationship" with another party that is characterized by "overmastering influence

on one side or weakness, dependence, or trust, justifiably reposed on the other side" such that a

fiduciary duty is owed by the third party contractor to the other party.  *See ClinMicro*

*Immunology Ctr., LLC v. PrimeMed, P.C.*, 2013 WL 3776264, at *10 (M.D. Pa. July 17, 2013);

*see also Bennett v. Lally*, 2014 WL 4674623, at *3 (Del. Ch. Sept. 5, 2014).  However,

Pennsylvania and Delaware law are clear that where a contractual relationship exists, non-parties

to the contract do not have standing to assert a breach thereof.  *See Rottlund Homes of New*

*Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003)

(holding that "as a general matter, only a party to a contract has standing to enforce a contract

and sue for breach of that contract"); *Scarpitti v. Weborg*, 609 A.2d 147, 149-150 (Pa. 1992)

(holding that incidental third party beneficiaries do not have standing to enforce a contract);

*Insituform of N. Am., Inc. v. Chandler*, 534 A.2d 257, 270 (Del. Ch. 1987) (holding that

nonsignatories to a contract have no rights under the contract, and thus no standing to assert

claims under the contract).

Moreover, Delaware's LLCA expressly imposes the duty upon the limited liability company to share its financial statements and tax records with its members, not upon a third party contractor. *See* Del. Code Ann. tit. 6, § 18-305(a)(1)-(2). Similarly, Pennsylvania's Uniform Partnership Act ("UPA") provides that "[members] shall render on demand true and full information of all things affecting the partnership to any [member] . . . ." *See* 15 Pa. Stat. and Cons. Stat. Ann. § 8333. Indeed, the UPA applies to limited liability companies. *See* 15 Pa.C.S.A. § 8311(b). Accordingly, the duty to share financial statements and tax records of the limited liability company has been imposed solely upon the members of the company, not on third party contractors who help prepare financial statements and file tax returns on behalf of the company.

Here, Plaintiff's Complaint asserts that Defendants breached their fiduciary duty to Plaintiff by:

1. failing to provide him with financial records of the partnership;
2. filing tax returns that were prepared to benefit Native Link, LLC to the detriment of Native Link Construction, LLC; and
3. failing to provide him with the annual tax returns of Native Link Construction, LLC.

*See* Complaint ¶¶67-69. However, Plaintiff clearly averred in his Complaint that "Melinda Walk hired Nate Riggan as the CFO without consulting [Plaintiff]." *See id.* ¶28. It is clear as pled that Plaintiff was not a party to the contract with Defendants. Rather, Plaintiff's Complaint conclusively demonstrates – as pled – that Defendants were engaged by Native Link Construction, LLC. *See id.* at Exhibit 14. As pled, the financial records and tax returns were prepared for and on behalf of Native Link, LLC and Native Link Construction, LLC. *See id.* ¶¶67-69. Therefore, if Defendants owed a fiduciary duty to any entity, it was owed to Native Link, LLC or Native Link Construction, LLC and not to Plaintiff in his individual capacity as a one-third minority member of Native Link Construction, LLC.

7

Further, Defendants did not owe a duty to provide Plaintiff with the tax returns and financial statements of Native Link Construction, LLC.  To the contrary, the tax records and financial statements prepared by Defendants became the responsibility of the company and its members to provide to Plaintiff.  *See* Del. Code Ann. tit. 6, § 18-305(a)(1)-(2); *See* 15 Pa. Stat. and Cons. Stat. Ann. § 8333.  Indeed, in the very documents Plaintiff attached to the Complaint, Defendants notified Plaintiff that Melinda Walk was responsible for sending Plaintiff a copy of Native Link Construction, LLC's financial statements as prepared by Defendants.  *See* Complaint at Exhibit 14.  Accordingly, Defendants ask this Honorable Court to dismiss Plaintiff's Fourth Cause of Action against Pointguard Financial, PLLC and Nate Riggan with prejudice.

**D.     Plaintiff's Fraud Claim Likewise Fails Because Plaintiff Has Not And Cannot Sufficiently Plead That Defendants Knowingly Or Recklessly Made False Representations To Plaintiff**

Under Pennsylvania law:

The elements of fraudulent misrepresentation are as follows: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance.

*See Weston v. Northampton Pers. Care, Inc.*, 62 A.3d 947, 960 (Pa. Super. Ct. 2013), *citing Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1250–51 (Pa. Super. Ct. 2002).  "Scienter, or the maker's knowledge of the untrue character of his representation, is a key element in finding fraudulent misrepresentation." *See Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 290 (Pa. Super. Ct. 2010), *appeal denied*, 27 A.3d 1015 (Pa. 2011). Fraud must be proven by clear and convincing evidence.  *See Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004).  In addition, "fraud includes acts taken to conceal,

create a false impression, mislead, or otherwise deceive in order to prevent the other party from acquiring material information." See *Gnagey Gas & Oil Co. v. Pennsylvania Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 501 (Pa. Commw. Ct. 2013).

Similarly, Delaware law defines fraud as: "(i) a false representation, (ii) a defendant's knowledge or belief of its falsity or his reckless indifference to its truth, (iii) a defendant's intention to induce action, (iv) reasonable reliance, and (v) causally related damages." *See In re Wayport, Inc. Litig.*, 76 A.3d 296, 323 (Del. Ch. 2013). Moreover, "[f]raud does not consist merely of overt misrepresentations. It may also occur through deliberate concealment of material facts, or by silence in the face of a duty to speak." *See id.*

In the Complaint, Plaintiff alleges that Defendants committed fraud by suppressing and concealing "certain material facts which they had a duty to disclose to Plaintiff" including:

1.   Tax returns [] for the years 2013, 2014, and 2015;
2.   Schedule K1 for the years 2014, and 2015;
3.   Original 2013 tax return prepared by Mr. Riggan showing an approximate [$]250,000.00 profit for Native Link Construction, LLC and later revised shifting funds to Native Link, LLC.
4.   Quick Book Company Files

*See* Complaint ¶¶72, 74-77. In sum, Plaintiff has alleged that Defendants both (1) concealed material information and (2) misrepresented the financial status of the two companies through tax returns as the basis for Plaintiff's purported fraud claim against Defendants. Either way, Plaintiff's fraud claim fails because Plaintiff has not and cannot sufficiently plead that Defendants ever knowingly made a false representation or made a false representation with reckless disregard as to its falsity.

First, Plaintiff's Complaint alleges that "[Defendant Nate Riggan] was revising the forecast . . . to show that Native Link, LLC would be receiving a greater share of the profits from work done by Native Link Construction, LLC." *See id.* ¶33. However, these revisions were

9

made – as pled – at the direction of Native Link Construction, LLC; indeed, as pled, these

revisions <u>were not made by Defendants' independent discretion</u>. *See id.* at Exhibit 10. Rather,

Defendants justifiably relied upon the knowledge and direction of Native Link Construction,

LLC to determine what revenues and expenses were applicable to the respective companies

when revising the forecast. *See id.*

Second, Defendants did not intend to conceal any financial statements or tax records from

Plaintiff; to the contrary, and again as pled, Defendants' e-mail to Plaintiff clearly evidences

Defendants' honest belief that Melinda Walk would forward to Plaintiff copies of Native Link

Construction, LLC's financial statements. *See id.* at Exhibit 14. Such belief in this statement

was reasonable and, on its face, not intended to deceive Plaintiff because Defendants had been

hired by Melinda Walk. *See id.* ¶28. Indeed, Defendants' statement that Melinda Walk would

forward copies of the financial statements to Plaintiff is reasonable since Defendants' contractual

relationship existed with Native Link Construction, LLC. *See id.* ¶28 and Exhibit 14. As

discussed above, it was the company's obligation to share these financial statements with

Plaintiff. Of course, Defendants expected that Melinda Walk would forward these documents to

Plaintiff. *See id.* Accordingly, Defendants ask this Honorable Court to dismiss Plaintiff's Fifth

Cause of Action against Pointguard Financial, PLLC and Nate Riggan with prejudice.

**E.    In The Alternative, Plaintiff's Claims Against Defendants Sound In Professional Malpractice And, Because Plaintiff Has Not Filed A Certificate of Merit, Plaintiff's Claims Must Be Dismissed As A Matter Of Law**

Under Pennsylvania law:

In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard . . . the plaintiff if not represented, shall file ***with the complaint or within sixty days after the filing of the complaint***, a certificate of merit signed by the . . . party that . . . an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the . . . practice or work that is the subject of the complaint, fell outside acceptable

10

> professional standards and that such conduct was a cause in bringing about the harm[.]

*See* Pa.R.C.P. No. 1042.3(a)(1) (emphasis added).  The Certificate of Merit requirement applies to professional malpractice claims filed against "an accountant" and any company or entity responsible for a licensed professional.  *See id*. at No. 1042.1(a)(1)-(2), (c)(1)(ii).  Further, "[a]s used in this chapter, 'licensed professional' means any professional described in paragraph[] (1) . . . who is licensed by another state."  *See id*. at No. 1042.1(c)(3).  For a Pennsylvania Plaintiff to bring a professional malpractice claim against an out-of-state "licensed professional" or the responsible company, a Certificate of Merit must be filed pursuant to Pennsylvania Rule of Civil Procedure No. 1042.3.  Moreover, where "a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall . . . attach to the certificate of merit the written statement from an appropriate licensed professional . . . ."  *See id*. at No. 1042.3(e).

A federal court sitting in diversity applies the Federal Rules of Civil Procedure and state substantive law where there is no federal rule directly on point.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460, (1965).  In this situation, courts have held that Pennsylvania's Certificate of Merit rule is a substantive provision of law under the *Erie* Doctrine.  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264 and 265 (3d Cir. 2011) ("[w]e have no difficulty holding that the failure to apply Pa. R. Civ. P. 1042.3 would be outcome-determinative and that such a failure would frustrate the twin aims of the Erie Rule: discouraging forum shopping and avoiding inequitable administration of the laws" and, therefore, Pennsylvania Rule of Civil Procedure No. 1042.3 "is substantive law under the *Erie* Rule").

Here, Plaintiff has alleged that Defendant Nate Riggan is a CPA who breached his purported fiduciary duty and allegedly committed fraud when he provided financial services on

behalf of Native Link Construction, LLC, and Native Link, LLC to the detriment of Plaintiff. *See* Complaint ¶¶65, 68, 76.  Taking the Plaintiff's alleged facts as true, Plaintiff (a resident of Pennsylvania) has attempted (at best) to aver a claim sounding in professional malpractice. However, Plaintiff did not file a Certificate of Merit when he filed his Complaint on December 8, 2015.  *See* Docket and Complaint.  As a result, Plaintiff had sixty days thereafter (i.e., until February 6, 2016) to file a Certificate of Merit supporting a professional malpractice claim. Plaintiff, however, failed to file a Certificate of Merit by February 6, 2016.  As a result, Plaintiff's claims against Defendants fail as a matter of law and should be dismissed with prejudice.

### III. THIS HONORABLE COURT LACKS <u>PERSONAL JURISDICTION OVER THE DEFENDANTS</u>

Pursuant to Federal Rule of Civil Procedure 12, "a party may assert the following defense[ ] by motion . . . lack of personal jurisdiction . . . ."  Fed. R. Civ. P. 12(b)(2).  Courts have personal jurisdiction over an out-of-state defendant through his voluntary presence plus service in the forum state, consent, or minimum contacts with the forum state.  *See Burnham v. Superior Court of California, Cty. of Marin*, 495 U.S. 604, 639, (1990) (holding that "as a rule the exercise of personal jurisdiction over a defendant based on his voluntary presence [plus service] in the forum will satisfy the requirements of due process"); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (holding that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"); *Sam Mannino Enterprises, LLC v. John W. Stone Oil Distrib.*, LLC, 26 F. Supp. 3d 482, 485 (W.D. Pa. 2014) (holding that "a defendant may consent to personal jurisdiction").  By

contrast, personal jurisdiction over a corporation is proper in the state of its incorporation, the state where the corporation's principal place of business is located, or through minimum contacts with the forum state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760, (U.S. 2014) (holding that "[w]ith respect to a corporation, the place of incorporation and principal place of business are . . . bases for general jurisdiction")*; Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, (1945).

Moreover, Pennsylvania's long-arm statute permits "[a] tribunal of this Commonwealth [to] exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person: . . . [c]ausing harm . . . by an act or omission in this Commonwealth." *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5322(a)(3). However, a Pennsylvania court's exercise of personal jurisdiction over an out-of-state defendant is subject to "the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." *See id.* at § 5322(b). Accordingly, even where sufficient minimum contacts are found between a defendant and Pennsylvania, the exercise of personal jurisdiction over the defendant must "not offend traditional notions of fair play and substantial justice." *See International Shoe Co.*, 326 U.S. at 316.

Indeed, "[w]hether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *See id.* at 319. As a result:

> [C]ourts in appropriate cases may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).  "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a ***lesser showing*** of minimum contacts than would otherwise be required."  *See id.* at 477 (emphasis added). However, due process "is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *See id.* at 472.

Here, Defendant Pointguard Financial, PLLC is "organized and existing under the laws of the State of W[ashington]."  *See* Complaint ¶4.  Further, Pointguard Financial, PLLC's principal place of business is located in Spokane Valley, Washington.  *See id.* at Exhibit 14.  Defendant Nate Riggan "is a resident of Spokane County, W[ashington]."  *See id.* ¶9.  Plaintiff does not aver in his Complaint that Nate Riggan was ever present and served in Pennsylvania or that Nate Riggan consented to personal jurisdiction in Pennsylvania.  *See generally* Complaint. Accordingly, personal jurisdiction over the Defendants is proper only if they had sufficient minimum contacts with Plaintiff in Pennsylvania.

Plaintiff avers that Native Link Construction, LLC began leasing and operating out of office space in Spokane Washington in October of 2013.  *See id.* ¶24.  Subsequently, Native Link Construction, LLC – through Melinda Walk – hired Defendants to perform financial services for the company.  *See id.* ¶28.  As a result, the contract between Native Link Construction, LLC and Defendants was executed in the state of Washington for the purpose of providing financial services to a business with its principal place of business in the state of Washington.  Moreover, the only alleged contact that Plaintiff avers that Defendants ever had with Plaintiff in Pennsylvania was an e-mail from February 5, 2014.  *See id.* ¶37, Exhibit 14.  That e-mail indicates that Defendants planned to have all financial and tax records updated in the near future,

that the records would be provided to Melinda Walk (i.e., a citizen of the state of Washington, *see id.* ¶6) and that Melinda Walk would be responsible for sending the records to Plaintiff. *See id.* at Exhibit 14.

The alleged causes of action against Defendants did not and could not arise from this one e-mail contact with the forum state. Rather, Plaintiff avers that Defendants allegedly breached their fiduciary duty to Plaintiff and allegedly committed fraud against Plaintiff by not providing the financial and tax records of Native Link Construction, LLC to Plaintiff and by improperly shifting profits from Native Link Construction, LLC to Native Link, LLC. *See id.* ¶¶67-69, 72, 74-77. Again, this one e-mail contact with Plaintiff is insufficient to put Defendants on notice of the possibility that they could be haled into court in Pennsylvania. Accordingly, traditional notions of fair play and substantial justice would be offended if Defendants are required to defend themselves in the forum state. Therefore, Defendants ask this Honorable Court to dismiss Plaintiff's Fourth and Fifth Causes of Action against Pointguard Financial, PLLC and Nate Riggan, with prejudice, for the lack of personal jurisdiction over them.

## IV. CONCLUSION

For the foregoing reasons, Defendants Pointguard Financial, PLLC and Nate Riggan respectfully request that this Honorable Court dismiss, with prejudice, Plaintiff's Complaint in its entirety as to Defendants Pointguard Financial, PLLC and Nate Riggan.

Respectfully submitted,


Burns White LLC

BY:   /s/ Lyle Washowich
      Lyle Washowich, Esquire

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of February, 2016, the foregoing Motion and Brief in Support of Motion to Dismiss Plaintiff's Complaint have been electronically filed and served upon all counsel and/or parties of record via the Court's ECF filing system.

Burns White LLC

BY:    /s/ Lyle Washowich
       Lyle Washowich, Esquire