IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW DAVID MILLER**, | ) |
| | ) Civil Action No. 15-1605 |
| PLAINTIFF, | ) |
| | ) |
| **V.** | ) |
| | ) |
| **MELINDA THOMPSON-WALK,** | ) |
| **MITCHELL PAUL WALK,** | ) |
| AND **PATRICK L. NOLAN**, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## **MEMORANDUM OPINION**

On May 17, 2019, the court granted the second motion for sanctions (ECF No. 174) filed by plaintiff Matthew David Miller ("Miller" or "plaintiff"). Miller was instructed to file an affidavit itemizing the expenses and costs he incurred for all activities identified as reimbursable by the special master and court. Defendants Patrick L. Nolan ("Nolan"), Melinda Thompson[1] ("Thompson") and Mitchell Paul Walk ("Walk" and collectively with Nolan and Thompson "defendants") were given an opportunity to file objections to the claimed expenses and costs on or before June 7, 2019.

Miller filed an affidavit for deposition costs (ECF No. 197), in which he claimed total costs of $8,769.70 in connection with the depositions of Walk, Thompson, Nolan, Riggan and Burnett. Walk filed timely objections (ECF No. 198); and Miller filed a reply (ECF No. 199). Thompson and Nolan did not respond. The matter is ripe for disposition.

---

[1] Thompson was previously named Melinda Thompson-Walk.

1

A. Walk's Objections

Walk asserted three specific objections to Miller's claimed costs in connection with Walk's deposition: (1) airfare; (2) vacation time; and (3) deposition transcript. Walk did not object to Miller's costs for the hotel, rental car or court reporter. The court will review Walk's objections seriatim.

1. Airfare

Miller claimed airfare of $205.80 (pit to sea + 20,000 miles); $75.00 (sea to pit + 50,000 miles) and $ 2,633.75 (to repurchase 70,000 miles used). Walk objects to the repurchase of airline miles and Miller's decision to fly first class. Walk's counsel purchased a ticket on the same flight, in coach, on one week's notice, for $768. Walk's ticket on the same flight, in coach, was $681. Miller replies that on the outbound flight, he used miles to upgrade to first class to avoid baggage charges and Economy Plus Seat charges; and only first class seats were available on his unexpected return flight, which was precipitated by defendants' statement that they were working with the Spokane DA to arrest Miller during Thompson's deposition and charge him with embezzlement.

Miller is entitled to recover only the reasonable costs of airfare. A witness must use the most economical common carrier. *United States v. Bayer Corp.*, No. CV 07-0001(JLL), 2015 WL 12698451, at *7 (D.N.J. Dec. 28, 2015) (assessing costs to the prevailing party under Rule 54(d)). Pursuant to 28 U.S.C. § 1821(c)(1) (setting reimbursement rules for government travel), a "witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished."

The additional costs incurred due to Miller's decisions to upgrade to first class on the flight to Seattle and to leave unexpectedly to return to Pittsburgh cannot fairly be imposed on Walk. Miller is not entitled to reimbursement for the repurchase of his frequent flyer miles. As Walk argues, Miller is entitled to recover the cost of a roundtrip coach class ticket.

The court awards airfare of $768, the amount spent by Walk's attorney on the same flight, which the court finds to be reasonable.

2. Vacation time

Miller claims $314.72 for eight hours of vacation in connection with Walk's deposition. Walk objects to this claim in its entirety.

The court authorized Miller to recover the expenses and costs he "incurred" in connection with his reimbursable activities. (ECF No. 192). There is no evidence in the record that Miller "incurred" an actual expense in losing vacation time. Miller did not provide a calculation or any supporting documentation. The court will not award this amount.

3. Deposition transcript

Miller claims $510.00 for the transcript of Walk's deposition. Walk objects that this expense was not incurred because Miller did not order the transcript. In reply, Miller explains that he did order the transcript, but it had not yet been delivered, and that the $510.00 charge was an estimate from Echo Scribe, the reporting service.

The cost of the deposition transcript is clearly reimbursable. Miller shall file with the court a copy of the actual invoice provided by Echo Scribe and proof of his payment of that invoice. Walk shall reimburse Miller the full amount of the invoice within fourteen days of Miller's filing.

B. Unopposed Costs

The sanctions imposed on Walk were limited to the expenses incurred by Miller to depose Walk and to produce a digital copy of Walk's hard drive. (ECF No. 192 at 24). The remaining deposition cost sanctions were imposed on Thompson.[2] (ECF No. 192). As noted above, she failed to respond to Miller's affidavit.

The costs claimed by Miller in connection with the depositions of Thompson, Nolan, Riggan and Burnett totalled $ 4,480.16. Included in that amount were three claims of $314.72 (totalling $ 944.16) for three days of vacation time in connection with the Thompson, Nolan, and Riggan/Burnett depositions.

As explained above, Miller failed to prove that he incurred any expense in connection with the loss of his vacation time. Accordingly, the claims for reimbursement of vacation time (totalling $ 944.16) will be denied. The remaining costs claimed by Miller in connection with the depositions of Thompson, Nolan, Riggan and Burnett (totalling $ 3,536.00) are GRANTED as unopposed.

Thompson shall reimburse Miller for these costs by submitting payment of $ 3,536.00 to the clerk of court on or before July 1, 2019.

Conclusion

For the reasons set forth above, Thompson shall reimburse Miller for the costs in connection with the Thompson, Nolan, Riggan and Burnett depositions by submitting payment of $ 3,536.00 to Miller on or before July 1, 2019; Walk shall reimburse Miller a total of $1,318.27 for the reasonable costs of airfare, hotel, rental car and the court reporter in connection with the Walk deposition by submitting payment to Miller on or before July 1, 2019; and Walk

---

[2] The court entered default against Nolan. A hearing on the amount of the default judgment is set for July 9, 2019.

shall also reimburse Miller the full amount of the invoice for the Walk deposition transcript by submitting payment to Miller within fourteen days of Miller's filing.

Payments shall be sent to the following address:

Matthew David Miller
4387 Winchester Drive
Allison Park, PA 15101

Failure of a defendant to pay his or her share of these costs shall be regarded as a violation of this order and further sanctions may be ordered.

An appropriate order follows.

June 20, 2019                              By the Court:

                                                             /s/ JOY FLOWERS CONTI
                                                             Joy Flowers Conti
                                                             Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW DAVID MILLER**, | ) |
| | ) Civil Action No. 15-1605 |
| PLAINTIFF, | ) |
| | ) |
| **V.** | ) |
| | ) |
| **THOMPSON THOMPSON-WALK,** | ) |
| **MITCHELL PAUL WALK,** | ) |
| AND **PATRICK L. NOLAN**, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

ORDER

AND NOW, this 20th day of June, 2019, it is hereby ordered that for the reasons set forth in the accompanying memorandum opinion, plaintiff's affidavit for deposition costs (ECF No. 197) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Thompson shall reimburse Miller for the costs in connection with the Thompson, Nolan, Riggan and Burnett depositions by submitting payment of $ 3,536.00 to Miller on or before July 1, 2019;

IT IS FURTHER ORDERED that Walk shall reimburse Miller a total of $1,318.27 for the reasonable costs of airfare, hotel, rental car and the court reporter for the Walk deposition by submitting payment to Miller on or before July 1, 2019; and

IT IS FURTHER ORDERED that Walk shall also reimburse Miller the full amount of the invoice for the transcript for the Walk deposition by submitting payment to Miller within fourteen days of Miller's filing of the invoice and his proof of payment.

Payments shall be sent to the following address:

Matthew David Miller
4387 Winchester Drive
Allison Park, PA 15101

IT IS FURTHER ORDERED that a failure of a defendant to pay his or her share of these costs shall be regarded as a violation of this order and further sanctions may be ordered.

By the Court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge